UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED

OCT 3 1 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 06-124-GWU

BETTY J. MINIARD,                                                          PLAINTIFF,

VS.                                  **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of her applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI). The appeal is currently before the Court on cross-motions

for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity?
   If yes, the claimant is not disabled. If no, proceed to Step 2.
   See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical
   or mental impairment(s)? If yes, proceed to Step 3. If no, the
   claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any
   impairment(s) significantly limiting the claimant's physical or
   mental ability to do basic work activities? If yes, proceed to

1

Miniard

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?   If yes, the claimant was not disabled.    If no, proceed to Step 7.   <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.    <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

Miniard

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

Miniard

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.  If there is, we then examine:  (1)
> whether objective medical evidence confirms the severity of the alleged
> pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

1986).

Another issue concerns the effect of proof that an impairment may be

remedied by treatment.  The Sixth Circuit has held that such an impairment will not

serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health

and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same

result does not follow if the record is devoid of any evidence that the plaintiff would

have regained his residual capacity for work if he had followed his doctor's

instructions to do something or if the instructions were merely recommendations.

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,

1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before

it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.

1987).  Further, a failure to seek treatment for a period of time may be a factor to be

considered against the plaintiff, Hale v. Secretary of Health and Human Services,

816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Miniard

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning a specific step in the test is in order.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimus hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

## DISCUSSION

The administrative law judge (ALJ) found that Miniard had low back pain with radiculopathy (Tr. 19H) which prevented her from performing more than a restricted range of light level work (Tr. 19I). Although she would not be able to return to her past work, she was found to be able to engage in a significant number of alternative jobs as per a vocational expert (VE). (Tr. 19J-19K).

The plaintiff's major argument is that her mental condition was not properly evaluated, as the ALJ did not consider her depression to be "severe" (Tr. 19H). She did not originally include any psychological complaints among her alleged sources of disability (Tr. 58-59), although she did state that her physical pain had affected her

5

mentally (Tr. 68). During the administrative appeal on her claim, she indicated that she was depressed and had been counseled in March, 2004 by a Lynn States. (Tr. 76-77).

Julia Lynn States was a licensed clinical social worker who produced a Psychosocial Evaluation report on the plaintiff dated March 16, 2004, the date of the only office visit to that source. (Tr. 127). Miniard had been referred by her family doctor due to depression from chronic pain since a late 2003 back injury. (Id.). States observed that the patient was alert, oriented, pleasant and cooperative, and had normal speech, the ability to verbalize her feelings well, an estimated average intelligence, an appropriate affect, and a relaxed body posture; however, she exhibited a depressed and irritable mood. (Tr. 130). A current GAF of 42[1] and a past year GAF of 65[2] were cited. (Tr. 131). While a licensed social worker is not an acceptable medical source as per 20 C.F.R. Section 404.1513, this information is at least some evidence in favor of the plaintiff's claims.

The plaintiff underwent a consultative psychological evaluation in June, 2005. (Tr. 164). Miniard reported having endured several abusive marriages and noted

---

[1]Scores between 41 and 50 are consistent with "serious . . . impairment in social, occupational or school functioning" as per the Diagnostic and Statistical Manual of Mental Disorders (4th Ed.) (DSM-IV).

[2]Scores between 61 and 70 are consistent with "some mild symptoms . . . but generally functioning pretty well" as per the DSM-IV.

having worked as a secretary and a picture framer. (Tr. 163). She indicated that she had received a <u>one-time</u> mental health evaluation the previous year, but that she was not receiving counseling (Tr. 164). The examiner observed that her eyes appeared red from crying, that her posture was tense and that her motor activity appeared slowed. (Tr. 165). While her attention was normal, her concentration was variable. (<u>Id</u>.). Orientation, memory and recall were normal, but her affect was variable, she was generally tearful, with a depressed facial expression. (Tr. 166). Her intelligence appeared average to low average. (<u>Id</u>.). He believed that her low effort on the IQ and WRAT testing made the results invalid. (Tr. 167-168). However, while diagnosing malingering, the examiner <u>also</u> diagnosed a depressive disorder and cited the low GAF of 50. (Tr. 168). In the text of the report, the examiner appeared to suggest that the plaintiff was capable of "simple repetitive task[s]," (Tr. 169), but did not suggest a higher level of functioning. Nonetheless, and inconsistently with the GAF and probably the textual comments, the source also indicated that no functional restrictions were warranted. (Tr. 171-173).

No medical reviewer or testifying medical expert addressed these discrepancies, nor did the ALJ even note this issue in his opinion (Tr. 19H) <u>or</u> mention the GAF cited by the social worker.

Given the fact that the consultative examiner's report was ambiguous and should have warranted recontacting the examiner as per 20 C.F.R. Section

7

Miniard

404.1519p and that there was <u>some</u> evidence from a social worker suggesting

significant limitation of the <u>de</u> <u>minimis</u> standard of the "severe" impairment, the case

must be remanded for further consideration.

This the ___*91*___ day of October, 2006.

G. WIX UNTHANK
SENIOR JUDGE